# EXHIBIT A

Filed
1/24/2020 5:58 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. <u>2020CCV-60115-2</u>

| | | |
|---|---|---|
| DAWN WILLIAMS | § | IN THE COUNTY COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NUMBER _____ |
| | § | |
| AMERICAN FAMILY | § | |
| MUTUAL INSURANCE | § | |
| COMPANY, d/b/a AMERICAN | § | |
| STANDARD INSURANCE CO. | § | |
| OF WISCONSIN AND | § | |
| CYNDI MENZI, | § | |
|     Defendants | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAWN WILLIAMS ("Plaintiff"), and files this Plaintiff's Original Petition and Request for Disclosures, complaining of AMERICAN FAMILY MUTUAL INSURANCE COMPANY, d/b/a AMERICAN STANDARD INSURANCE CO. OF WISCONSIN, hereinafter sometimes referred to as "American", and CYNDI MENZI, hereinafter sometimes referred to as "MENZI" (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order

1

that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

PARTIES

2.   Plaintiff DAWN WILLIAMS is an individual residing in Marion County, Indiana.

3.   Defendant AMERICAN is a foreign insurance company engaging in the business of insurance in the State of Wisconsin, but doing business in the state of Indiana. Defendant may by served by serving Corporation Service Company, the Registered Agent for Defendant AMERICAN, at 1201 Hays Street, Tallahassee, Florida, 32301.

4.   Defendant CYNDI MENZI, an adjuster for AMERICAN, is an individual who may by served by serving Corporation Service Company, the Registered Agent for Defendant AMERICAN, at 1201 Hays Street, Tallahassee, Florida, 32301.

JURISDICTION

5.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.   The Court has jurisdiction over Defendant AMERICAN because the defendant is an insurance company that engages in the business of insurance in the State of Wisconsin and provides coverage of this policy in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

2

7.  The Court has jurisdiction over Defendant MENZI because the defendant engages in the business of adjusting insurance claims that provides coverage in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities that provide coverage in the State of Texas.

## VENUE

8.  Venue is proper in Nueces County, Texas, pursuant to Section 15.032 of the Texas Civil Practice & Remedies Code, because the incident which forms the basis of this suit occurred in Nueces County, Texas.

## FACTS

9.  Plaintiff is the owners of a Personal Injury Protection, Uninsured Motorist, and Under-Insured Motorist Policy which was issued by AMERICAN.

10. AMERICAN sold the Policy insuring protection to Plaintiff.

11. On or about January 29, 2018, Plaintiff DAWN WILLIAMS was riding on the back of a motorcycle being driven by her husband Stacy Williams in a safe and prudent manner traveling westbound in the 4000 block of Saratoga Boulevard in Corpus Christi, Texas.   Stacy Williams needed to change lanes and checked to make sure it was safe, when suddenly and without warning, his motorcycle was struck in the rear by Christopher Klaus.   Christopher Klaus was driving in an unsafe manner, failed to control his speed and violently struck Stacy and Dawn Williams' vehicle.   As a result of the collision, Dawn Williams sustained severe and debilitating injuries. Nothing Plaintiff did or failed to do was in any

3

way negligent or the proximate cause of any injuries or damages she sustained, including physical injury to her neck, back, legs, head, arms, shoulder and other parts of her body. Plaintiff asks that AMERICAN cover the cost of damages and injury pursuant to the Policy.

12. The AMERICAN policy number is 6313020315. The claim number assigned by AMERICAN is 01-000-768673.

13. Defendant AMERICAN assigned Defendant MENZI as the overseeing adjuster on the claim. Defendant MENZI was improperly trained and failed to perform a reasonable or adequate inspection of Plaintiff's claim. During the course of her inspection, Defendant MENZI made the decision to deny Plaintiff's covered damages. Defendant AMERICAN agreed with and adopted Defendant MENZI's undervalued and erroneous evaluation of Plaintiff's damages as her own and AMERICAN ultimately never issued payment based on that evaluation.

14. As detailed in the paragraphs below, AMERICAN wrongfully denied Plaintiff's claim for under insured motorist, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

15. To date, AMERICAN continues to delay in the payment for the damages sustained by Plaintiff. As such, Plaintiff has not received any payment for the damages she sustained from Defendant AMERICAN.

4

16. Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, they refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damage and injuries, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiff.

17. Defendants misrepresented to Plaintiff that the damage she sustained was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

18. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's damages and injury. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

19. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5

20.  As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

21.  All of the Defendants individually and collectively affirmatively and by intentional omission failed to tell/confirm to Plaintiff herein that her UIM/UM coverage was null and void as to a huge segment of the driving public.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

22.  Defendants are liable to Plaintiff for common law fraud;

23.  Defendants are liable to Plaintiff for violations of the Texas Deceptive Trade Practice Act;

24.  Defendants are liable to Plaintiff for violations of the Texas Insurance Code;

25.  Defendants are liable to Plaintiff for negligent and intentional omissions of material fact;

26.  Defendants are liable to Plaintiff for negligent and intentional misrepresentation of material facts;

27.  Defendants are liable to Plaintiff for Gross Negligence; and

28.  Defendants are liable to Plaintiff for Civil Conspiracy.

### NEGLIGENCE

29.  Plaintiff incorporates and re-alleges the paragraphs above herein. The Defendants breached duties of ordinary care owed to Plaintiff and wholly failed

6

to exercise reasonable or ordinary care and was negligent in, among other acts and omissions, (I) Failing to procure the appropriate insurance coverage required and requested by Plaintiff. The negligent act, omission and conduct of the Defendants described herein above by which Defendants breached such duty constitute a proximate cause of damages of Plaintiff for which Defendants are liable to Plaintiff.

### GROSS NEGLIGENCE & EXEMPLARY DAMAGES

30. The harm and damages of Plaintiff resulted from an act or omission of Defendants which, when viewed objectively from the standpoint of Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

31. The acts and omissions on the part of the Defendants, as set forth above, were more than momentary thoughtlessness, inadvertence, or error of judgment. They constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by them in the future.   Such gross negligence resulted in the injuries and damages of Plaintiff set out herein, and it is on the basis of such

7

gross negligence that Plaintiff hereby seeks an award of exemplary damages in excess of the minimum jurisdiction limits of the court.

## NONCOMPLIANCE WITH TEXAS DTPA

32. Plaintiff is a consumer under the DTPA because Plaintiff is an individual who acquired goods/services by purchase from Defendants.

33. Defendants are companies that can be sued under the DTPA.

34. Defendants violated the DTPA by (a) engaging in false, misleading, or deceptive acts or practices that Plaintiff relied on to her detriment. Specifically, Defendants represented that the Policy confers rights, remedies, or obligations that it does not by misrepresenting the coverage to be provided to Plaintiff under the Policy. Further Defendants failed to disclose information about the Policy that was known at the time of the transaction with the intent to induce Plaintiff into entering into the transaction that she otherwise would not have entered into had the information been disclosed. Plaintiff relied on Defendants representations regarding the coverage on the Policy to his detriment

35. In addition, Defendants violated the DTPA by engaging in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree.

8

36. Finally, Defendants used or employed an act or practice in violation of Texas Insurance Code Chapter 541 as described above and incorporated fully herein.

37. Defendants' wrongful conduct as described above, was a producing cause of Plaintiff's injuries which results in damages to Plaintiff.

## CONSPIRACY TO COMMIT FRAUD

38. Defendants are liable to Plaintiff for conspiracy to commit fraud.   Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting with the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action.   Plaintiff suffered injuries as a proximate result.

## BREACH OF CONTRACT

39. Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

40. Defendants' conduct constitutes a breach of the insurance contract made between Defendants and Plaintiff.

41. Defendants' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendants' insurance contract with Plaintiff.

9

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

42. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under their article are made actionable by TEX. INS. CODE §541.151.

43. Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes as unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex.Ins. Code § 541.060(a)(1).

44. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though AMERICAN's liability under the Policy was reasonably clear, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex.Ins. Code § 541.060(2)(A).

45. Defendant AMERICAN's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex.Ins. Code § 541.060(a)(3).

46. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit

10

a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins. Code § 541.060(a)(4).

47.   Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex.Ins. Code § 541.060(a)(7).

## Noncompliance with Texas Insurance Code:
## The Prompt Payment of Claims

48.   Defendant, AMERICAN's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.   All violations made under this article are made actionable by TEX. INS. CODE §542.060.

49.   Defendant, AMERICAN's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

50.   Defendant, AMERICAN's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.   Tex. Ins. Code §542.056.

11

51.    Defendant AMERICAN's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

52.    Defendant AMERICAN's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insures in insurance contracts.

53.    Defendant AMERICAN's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time AMERICAN knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

54.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

55.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56.   As previously mentioned, the damages caused by the incident have not been properly addressed in the time since the incident, causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants AMERICAN and MENZI's mishandling of Plaintiff's claim in violation of the laws set forth above.

57.   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

58.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

59.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.   Tex. Ins. Code §542.060.

60.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses

13

due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

61.  For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

62.  For the prosecution and collection of their claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

63.  Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas.

REQUEST FOR DISCLOSURES

64.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and

14

justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of her case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

Respectfully submitted,

CARRIGAN, & ANDERSON, PLLC

BY:     _/s/ Stephen P. Carrigan_____
STEPHEN P. CARRIGAN
State Bar No. 03877000
DAVID M. ANDERSON
State Bar No. 24064815
3100 Timmons Lane, Suite 210
Houston, Texas   77027
(713) 739-0810 (Office)
(713) 739-0821 (Facsimile)
scarrigan@ccatriallaw.com
danderson@ccatriallaw.com
Paralegal: wwatson@ccatriallaw.com
Paralegal: szepeda@ccatriallaw.com

15